IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LOGAN WESLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-155-RWS-KNM |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Petitioner Logan Wesley, proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus, challenging the legality of his convictions. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

## BACKGROUND

### I.    Factual Background

Petitioner was convicted at trial of five counts of aggravated sexual assault of a child, nine counts of sexual assault of a child, and two counts of indecency with a child by contact. Docket No. 23 at 3. For these convictions, Petitioner received five life sentences plus 220 years in prison, with all sentences running consecutively. *Id.* at 3. The Sixth Judicial District Court of Appeals affirmed these convictions. *Wesley v. State*, No. 06-20-00096-CR, 2022 WL 247823, at *13 (Tex. App.—Texarkana Jan. 27, 2022); *Wesley v. State*, No. 06-20-00097-CR, 2021 WL 5933105, at *7 (Tex. App.—Texarkana Dec. 16, 2021); *Wesley v. State*, No. 06-20-00098-CR, 2021 WL 5931677, at *4 (Tex. App.—Texarkana Dec. 16, 2021).

Petitioner did not file any petitions for discretionary review of his convictions. Docket Nos. 24-4, 24-5, 24-6. Petitioner also did not seek state habeas corpus relief, but instead filed two motions in the Court of Criminal Appeals for leave to file petitions for the writ of mandamus.

Docket No. 23 at 4; Docket Nos. 24-29, 24-32. These motions were denied on February 7, 2024 and March 13, 2024, respectively. Docket No. 23 at 4; Docket Nos. 24-27, 24-30.

Petitioner signed his federal habeas petition on October 18, 2024. Docket No. 1 at 4. In this petition, he alleged, among other purported claims, that: (1) his primary attorney, Brandon Pickett, was not licensed in Texas; (2) his appellate attorney, Troy Hornsby, knew this and did not withdraw Pickett from the case on appeal but only withdrew a Texas attorney working with Pickett, Joshua Potter; and (3) the judge lost jurisdiction during the proceeding by failing to "complete the court" as required by the Sixth Amendment, rendering the convictions void because they were pronounced by a court lacking jurisdiction. *Id.* at 2–3.

## II. The Answer and Petitioner's Replies and Other Pleadings

Respondent filed an answer, arguing that Petitioner's claims are barred by the statute of limitations and that Petitioner failed to exhaust his state court remedies. Docket No. 23 at 5–11. In reply, Petitioner argued that the statute of limitations cannot bar a claim where the trial court lacked jurisdiction. Docket No. 26 at 1–2. According to Petitioner, there was no jurisdiction because Potter became his attorney through extrinsic fraud and Petitioner did not sign a waiver to have conflicting representation. *Id.* at 2–3. Petitioner also argued that he had no state remedies to exhaust because there are no state remedies to challenge a void judgment. *Id.* at 3–4.

Petitioner also filed several motions for summary judgment, release, and for an evidentiary hearing. Docket Nos. 7, 12, 14, 17, 22, 25, 28, 32, 37–39. He argued in his first motion for summary judgment that he never waived his right to conflict-free counsel and the judge did not complete the court as required by the Sixth Amendment, thereby losing jurisdiction. Docket No. 7 at 2. In his second motion for summary judgment, Petitioner asserted that the Respondent's answer was untimely, and so Petitioner is entitled to judgment as a matter of law. Docket No. 12 at 1.

Petitioner stated in a motion to supplement his petition that he is only raising one ground for relief, which is that the trial court lost jurisdiction. Docket No. 40 at 1. He also filed a motion to strike arguing that Respondent filed a general denial, which fails to comply with Fed. R. Civ. P. 8(b)(3), as well as the Texas Rules of Civil Procedure. Docket No. 41 at 1. He further contended that the defense of exhaustion of state remedies is inapposite because he has shown cause and prejudice, and " '[e]xhaustion remedies' must yield to correcting a fundamentally unjust incarceration." *Id.* (citing *Engle v. Isaac*, 456 U.S. 107, 135 (1982)).

### III.    The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a report and recommendation, recommending that the petition be dismissed. Docket No. 44 at 12. The Magistrate Judge held that Petitioner had not exhausted his state remedies. *Id.* at 4–6. Although Petitioner argued that the exhaustion requirement is excused because he is actually innocent, the Magistrate Judge determined that Petitioner presented no newly discovered evidence showing that, as a factual matter, he did not commit the crime of conviction. *Id.* at 6.

Turning to the statute of limitations issue, the Magistrate Judge found that the Texas Court of Criminal Appeals granted Petitioner an extension of time until May 10, 2022, to file petitions for discretionary review, but Petitioner never filed for discretionary review. *Id.* at 2. Petitioner's conviction became final when this deadline expired, meaning that his federal limitations period began to run at that time and expired one year later, on May 10, 2023, unless extended by statutory tolling or equitable tolling. *Id.* at 7.

Regarding tolling, the Magistrate Judge found that Petitioner did not identify any state-created impediments preventing him from seeking federal habeas corpus relief in a timely manner. *Id.* Moreover, Petitioner did not assert a right newly recognized by the Supreme Court that was made retroactively applicable to cases on collateral review. *Id.* Nor did Petitioner contend that the

factual predicates of his claim could not have been discovered through due diligence until a later time. *Id.*

Further, the Magistrate Judge stated that Petitioner is not entitled to tolling through the pendency of state post-conviction proceedings because he did not properly file an application for state post-conviction or other collateral review while the limitations period was running. *Id.* Instead, Petitioner sought leave to file petitions for the writ of mandamus, but such leave was denied. In any event, the Magistrate Judge observed that motions for leave to file state mandamus petitions do not constitute applications for state post-conviction collateral relief and thus do not toll the limitations period. *Id.* (citing *Poole v. Dir., TDCJ-CID*, No. 6:15-cv-588, 2016 WL 1722775 (E.D. Tex. April 29, 2016)).

As noted above, the Magistrate Judge determined that Petitioner failed to set out a showing of actual innocence sufficient to evade the limitations period. *Id.* at 8. Nor did Petitioner demonstrate rare and exceptional circumstances justifying equitable tolling of the limitations period. *Id.* at 8–9. His limitations period expired on May 10, 2023, but he did not sign his federal petition until October 18, 2024, over a year later. *Id.* at 6–7. Thus, the Magistrate Judge concluded that the petition was time-barred. *Id.*

The Magistrate Judge then briefly discussed Petitioner's substantive claims. *Id.* at 9–11. Although Petitioner contended that his attorney, Brandon Pickett, was not licensed in Texas, the Magistrate Judge observed that Pickett sought and received court authorization to appear *pro hac vice* on behalf of Petitioner, in accordance with Article 82.0361 of the Texas Government Code. *Id.* at 9–10. As such, the Magistrate Judge determined that Petitioner had failed to show that Pickett was not legally authorized to represent Petitioner at trial. *Id.* at 9–10.

In addition, the Magistrate Judge construed Petitioner's arguments regarding "completing the court" to be a reference to *Johnson v. Zerbst*, in which Justice Hugo Black, writing for the Supreme Court, held that "[a] court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake." 304 U.S. 458, 467–68 (1938); Docket No. 44 at 10–11. Based on research conducted by the Magistrate Judge, the term "complete the court" is rarely used in contemporary jurisprudence. Docket No. 44 at 10–11. In one recent case, a court construed "complete the court" to mean providing an unrepresented defendant with counsel. *Finnell v. Schweitzer*, No. 1:17-CV-268, 2024 WL 4815124, at *3–4 (S.D. Ohio Nov. 18, 2024), *report and recommendation adopted sub nom. Finnell v. Warden, Lebanon Corr. Inst.*, No. 1:17-CV-268, 2025 WL 961880 (S.D. Ohio Mar. 31, 2025). Here, the Magistrate Judge noted that Petitioner had counsel at trial, so *Johnson* was not applicable and provided no basis upon which to excuse the exhaustion requirement or the statute of limitations. Docket No. 44 at 11. The Magistrate Judge therefore recommended that the petition be dismissed and that Petitioner be denied a certificate of appealability *sua sponte*. *Id.* at 11–12.

## ANALYSIS

In his objections to the Report and Recommendation, Petitioner argues that, under Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts, if it plainly appears from the face of the petition that the petitioner is not entitled to relief, the court must dismiss the petition without requiring a response. Docket No. 46 at 1–2. Because the Court did not dismiss the petition outright based on limitations or exhaustion but did require a response,

Petitioner argues that this proves he is entitled to relief and "exempt from exhaustion . . . due to a [m]iscarriage of [j]ustice." *Id.* at 2.

Other provisions of the habeas rules contradict Petitioner's argument, however. Rule 5(b) provides that an answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Thus, the fact that a petition is not dismissed in initial screening necessarily does not foreclose the viability of these defenses. Moreover, Supreme Court precedent establishes that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). This objection is without merit.

Next, Petitioner contends that his petition was filed under 28 U.S.C. §§ 2241, 2242, and 2243, so the proper respondent would have been the warden of the prison where he was confined. Docket No. 46 at 2. To the contrary, because Petitioner is challenging the judgment of a state court, the proper vehicle is a habeas corpus petition under 28 U.S.C. § 2254. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *see also Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2nd Cir. 2003) (elucidating that a petition that should be filed under § 2254, but is mislabeled as a petition under § 2241, should be treated as a § 2254 petition); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that a prisoner in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (noting that, "[r]oughly speaking, . . . § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because . . . bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254").

The 1976 Advisory Committee notes to Rule 2(a) of the Rules Governing Section 2254 Proceedings specify that the respondent to be served "in the usual case" is either the warden of the prison or "the chief officer in charge of state penal institutions." As such, the Director of TDCJ-CID is a proper respondent. *See de la Rosa v. Dir., TDCJ-CID*, No. 3:25-CV-102-S-BW, 2025 WL 643518, at *2 (N.D. Tex. Jan. 21, 2025) (drawing the same conclusion), *report and recommendation adopted*, No. 3:25-CV-0102-S-BW, 2025 WL 642046 (N.D. Tex. Feb. 27, 2025). This objection is without merit.

Petitioner's third objection is that the statute of limitations does not apply to a void judgment. Docket No. 46 at 2. Courts in the Fifth Circuit have held that there is no "void judgment" exception to statute of limitations in federal habeas proceedings. *Randall v. Dir., TDCJ-CID*, No. 2:07-CV-204, 2008 WL 2128231, at *2 (E.D. Tex. May 16, 2008) (collecting cases and noting that the petitioner was simply trying to evade the statute of limitations by arguing that his conviction was void, but "[t]he intent of Congress in enacting the limitations period cannot be so easily evaded"); *Henley v. Lumpkin*, No. 2:22-CV-00111, 2022 WL 18539510, at *7 (S.D. Tex. Nov. 12, 2022), *report and recommendation adopted*, No. 2:22-CV-00111, 2023 WL 1427231 (S.D. Tex. Jan. 31, 2023); *Boone v. Davis*, No. 4:18-CV-009-O, 2019 WL 10599642, at *2 (N.D. Tex. Jan. 28, 2019). This objection is without merit.

Petitioner further contends that, under Texas law, lawyers who are not in the same law firm may not have a fee sharing agreement unless the client is informed in advance of the agreement in writing. Docket No. 46 at 2. He cites Rule 1.04 of the Texas Rules of Professional Conduct and maintains that agreements violating this rule are unenforceable and void as against public policy. *Id.*

The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). In any event, "[e]thical rules of conduct such as disciplinary rules do not create corresponding legal duties nor constitute standards for imposition of civil liability on lawyers." *In re Enron Corp. Secs., Derivative, & ERISA Litig.*, 235 F. Supp. 2d 549, 598–99 (S.D. Tex. 2002) (citing *Schatz v. Rosenberg*, 943 F.2d 485, 492 (4th Cir. 1991)). Even if an allegedly improper fee sharing agreement existed, Petitioner has offered nothing to suggest that, under *Strickland v. Washington*, 466 U.S. 668, 685 (1984), counsel made errors that fell below an objective standard of reasonableness, or that but for such alleged errors, the result of the proceeding would probably have been different. *Cf. Beets v. Scott*, 65 F.3d 1258, 1277 (5th Cir. 1995) (concluding that the allegedly unethical decisions that counsel made were not professionally unreasonable under *Strickland* and any error was not prejudicial to his client's case). This objection is without merit.

In a similar vein, Petitioner asserts that "completing the court" refers not simply to having no counsel, but also having adequate counsel. Docket No. 46 at 3. He says that failure to "complete the court" means "the [u]nconstitutional conduct of a trial which causes 'jurisdiction' to be lost, the Court loses power or authority when the court is not complete (fair)." *Id.*

The Magistrate Judge correctly read *Johnson v. Zerbst* to establish that a court's jurisdiction may be lost due to a failure to "complete the court" by providing counsel to an accused who is unable to obtain counsel and has not waived his or her rights. Docket No. 44 at 10–11. The one case located by the Magistrate Judge that included this phrase, *Finnell v. Schweitzer*, likewise determined that a failure to "complete the court" meant that the defendant was not provided with counsel. *Cf. Sunal v. Large*, 332 U.S. 174, 192–93 (1947) (Rutledge, J., dissenting) (observing that

a trial court may lose jurisdiction by depriving the accused of his constitutional right to counsel). Petitioner's contention that a court loses jurisdiction when the proceedings are not "fair" lacks any support in the law. To the extent that Petitioner argues that his counsel's performance was inadequate or ineffective, the Court has already concluded above that Petitioner has not shown that counsel's performance was unreasonable or that any allegedly ineffective performance prejudiced him as is required to prove such a claim under *Strickland*. *See supra* at 8. Petitioner's objection on this point is without merit.

Petitioner also provides three reasons why a mandatory hearing on his petition is required: (1) "petitioner has alleged and shown 'conspiracy' at trial and on direct appeal;" (2) "petitioner's factual allegations survive[d] summary dismissal because they are not frivolous;" and (3) "[f]or reasons beyond the control of petitioner the factual issues were not previously the subject of a full and fair hearing in State court." Docket No. 46 at 4.

28 U.S.C. § 2254(e)(2) provides the grounds under which a § 2254 petitioner may seek an evidentiary hearing. That statute provides that:

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner has not shown that his claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered. Moreover, for the reasons discussed above, Petitioner has not demonstrated that the facts he alleges, if proven, could demonstrate by clear and convincing evidence that no reasonable factfinder would have found him guilty of the charged offenses. Thus, Petitioner is not entitled to an evidentiary hearing, and his objection on this point is without merit.

In addition, Petitioner again argues that he is exempt from the exhaustion requirement. Docket No. 46 at 4. Petitioner has never presented his claims to the Texas Court of Criminal Appeals, and he has offered no valid basis for his failure to seek state habeas corpus relief beyond a general argument that state remedies were unavailable, which the Magistrate Judge properly determined was incorrect. Docket No. 44 at 4–6.

Next, Petitioner asserts that the trial court should have conducted a *Garcia* hearing, which the Magistrate Judge explained is a hearing held "when a court is alerted to or is aware of an actual conflict of interest on the part of counsel." Docket No. 46 at 5; Docket No. 44 at 2 & n.1 (citing *Perez v. State*, 352 S.W.3d 751, 755 (Tex. App.—San Antonio 2011) (citing *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975))). Petitioner claims that the trial court's failure to do so rendered his conviction void. Docket No. 46 at 5.

The Southern District of Texas has explained that two types of conflict of interest are recognized in the law: "(1) multiple representation cases, in which the defendant must show that an actual conflict of interest adversely affected his lawyer's performance, and (2) cases involving other types of conflicts that might impinge upon an attorney's loyalty to his client." *O'Brien v. Stephens*, No. 4:12-cv-691, 2015 WL 4508924, at *21 (S.D. Tex. July 24, 2015) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). In this second category of conflicts, a defendant "must

demonstrate actual prejudice under *Strickland*"—i.e., that counsel's representation fell below an objective standard of reasonableness, and that but for such failings, the result of the proceeding would probably have been different. *O'Brien*, 2015 WL 4508924, at *21. Although Petitioner argues at some length that counsel had a conflict of interest, he does not specify what that conflict might have been. The fact that Pickett was licensed in Arkansas and was admitted to appear in Petitioner's case on a *pro hac vice* basis does not establish that Pickett had any sort of conflict impinging on his loyalty to Petitioner. Likewise, the fact that Pickett and Potter worked together on the case does not show that either attorney was conflicted. Nor has Petitioner shown that counsel made errors that fell below an objective standard of reasonableness or that but for such alleged errors, the result of the proceeding would probably have been different. Petitioner's objection is without merit.

Finally, Petitioner argues that the Court should issue a certificate of appealability because the petition made a substantial showing of a denial of a constitutional right, which is evidenced by the fact that the petition was not summarily dismissed. Docket No. 46 at 3–4. That the Court did not summarily dismiss the petition does not establish that Petitioner has made a substantial showing of the denial of a constitutional right. The Court denies the issuance of a certificate of appealability *sua sponte* for substantially the same reasons discussed in the Report and Recommendation. Docket No. 44 at 11–12. Accordingly, Petitioner's objections are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon

such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct, and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 44) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 22nd day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE